IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GWENDOLYN MCNEIL,    :
  Plaintiff       :
            :
 v.          :  CIVIL NO. AMD 05-3109
            :
NORTHROP GRUMMAN   :
SYSTEMS CORPORATION,  :
  Defendant      :
        ...o0o...

MEMORANDUM OPINION

Plaintiff Gwendolyn McNeil works as an Electronic Manufacturing Specialist for defendant Northrop Grumman Systems Corporation. She brings claims for race, age, and sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq., and the Age Discrimination in Employment Act of 1964, as amended, 29 U.S.C. §§ 621, et seq., based on an August 2004 reassignment of her job responsibilities. (Plaintiff's claim for retaliation has been dismissed.) Now pending is Defendant's motion for summary judgment. The issues have been fully briefed and a hearing is not necessary. Local Rule 105.6. For the reasons stated within, the motion shall be granted.

I.

Northrop Grumman is a global defense company. The company is divided into a number of business sectors, one of which is its Electronic Systems ("ES") sector, headquartered in Linthicum, Maryland. Plaintiff has been employed by Northrop Grumman or its predecessor since 1967. Since June 30, 1998, she has worked as an Electronic Manufacturing Specialist in the ES sector. As an Electronic Manufacturing Specialist,

Plaintiff is represented by Local 130 of the International Union of Electronic, Electrical,

Salaried, Machine and Furniture Workers-Communications Workers of America, AFL-CIO

(the "Union"). The material terms and conditions of Plaintiff's employment are contained

in a collective bargaining agreement ("CBA") between Northrop Grumman and the Union.

On or about August 21, 2004, Defendant reassigned McNeil from the Shelter Cell area of

its West Building to the ES's Test Equipment Operations Center. It is this action that

Plaintiff claims was discriminatory.

## II.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment

is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A fact is material for purposes of summary

judgment if, when applied to the substantive law, it affects the outcome of the litigation.  *Id*.

at 248.   Summary judgment is also appropriate when a party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); *Laura Campbell Trust v. John Hancock Life Ins. Co.*, 411 F. Supp. 2d 606, 609 (D.

Md. 2006).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-50. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See Celotex Corp.*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991).

The facts, as well as the justifiable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The court, however, cannot rely upon unsupported speculation and it has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

III.

In the absence of direct evidence of a discriminatory motive, claims involving disparate treatment involving a distinct "employment injury" are analyzed for summary judgment purposes under the well-established *McDonnell Douglas* scheme common to discrimination claims. *See Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 278 (4th Cir.), *cert.*

*denied*, 531 U.S. 875 (2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Under this paradigm, the plaintiff bears the burden to establish initially a prima facie case of discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  Here, McNeil must show that: (1) she is a member of a protected group; (2) she had satisfactory job performance; (3) she suffered an adverse employment action; and (4) similarly situated employees outside her class received more favorable treatment. *See Carter v. Ball*, 33 F. 3d 450, 458 (4th Cir. 1994). The undisputed facts in the summary judgment record show that Plaintiff can meet neither prong three nor prong four of a prima facie case.

## A.

First, McNeil fails to establish a prima facie case because she has not suffered an adverse employment action. In order to survive summary judgment on an employment discrimination claim, an adverse employment action is "an absolute precondition to suit." *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985), *cert. denied*, 475 U.S. 1082 (1986).

Here, Plaintiff alleges that her transfer was an adverse employment action.  This court, however, has stated before that transfer alone, "absent a change in title, compensation, responsibility or working conditions" is not an adverse employment action. *Caussade v. Brown*, 924 F. Supp. 693, 700 (D. Md 1996).  It is undisputed that McNeil's reassignment has not resulted in a change in her base rate of pay or any reduction in her benefits or any material

-4-

change in her working conditions. Plaintiff works the same shift and in the same building as she did before her transfer.

The mere fact that McNeil's transfer made her *unhappy* does not constitute a materially adverse employment action. *See Settle v. Baltimore County*, 34 F. Supp. 2d 969, 989 (D. Md.) (citation and internal quotation marks omitted), *aff'd without op.*, 203 F.3d 822 (4th Cir. 1999). Plaintiff claims the transfer was adverse because she now works for a difficult supervisor. Again, however, working for an undesirable supervisor does satisfy the requirement that a plaintiff establish an adverse employment action. *See Caussade*, 924 F. Supp. at 704.

Plaintiff also claims that the transfer was an "adverse action" because the seniority rolls were not used, because she is no longer able to transfer freely among areas, and because her new duties are more menial and labor intensive. These contentions lack merit. For one thing, Plaintiff has produced no admissible evidence to support them. Moreover, these contentions would not establish an actionable adverse employment action even if there were admissible evidence to support them. *See, e.g., Von Gunten v. Md. Dep't of Environment*, 68 F. Supp. 2d 654, 663 (D. Md. 1999) (finding that "modest stress not present in the old position" does not create an adverse employment action).

What *does* constitute an "adverse employment action" was explored in *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.) (en banc), *cert. denied*, 454 U.S. 892 (1981). There, the Court noted that it had "consistently focused on the question whether there has been

discrimination in what could be characterized as ultimate employment decisions such as hiring, granting leave, discharging, promoting and compensation." The Court did note that there were nonhiring/promotion decisions that might be considered significant, but has also said that to establish an adverse employment action there must be "evidence that the terms, conditions, or benefits of employment were adversely affected. *Munday v. Waste Management of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997), *cert. denied*, 522 U.S. 1116 (1998). *Cf. Burlington Northern & Santa Fe Ry. v. White,* 126 S.Ct. 2405 (2006)(explicating difference between "adverse employment action" in respect to discrimination claims, on the one hand, and retaliation claims, on the other hand).

Here, the terms and conditions of employment were set by the CBA. It is undisputed that Defendant properly exercised its reassignment authority under the CBA by transferring Plaintiff.  That McNeil's union did not file a grievance challenging the transfer is telling. It suggests that the union did not believe an adverse employment action was taken or that the terms and conditions of employment were affected in any significant way. Defendant's Electronic Manufacturing Specialists have one classification and can perform tasks across the Local 130 bargaining unit of ES; their particular assignments are based on business needs. The union did not take issue with this reasoning.

For the reasons set forth above, therefore, Plaintiff's claims fail as a matter of law.

B.

McNeil also fails to show that similarly situated employees outside her class received more favorable treatment; therefore, her claim founders on the fourth element of a prima facie case. Plaintiff was transferred along with a white man under the age of 40. Moreover, Plaintiff was not replaced by a person outside of her protected classes; indeed, Plaintiff was not replaced at all. *See Causey v. Balog*, 162 F.3d 795 (802 (4th Cir. 1998) (affirming a grant of summary judgment on an ADEA claim where plaintiff did not produce evidence showing that employer filled position). Plaintiff points in her deposition testimony to unconvincing and vague assertions that two young men were able to avoid being transferred to her new department. She does not, however, provide any admissible evidence of similarly situated employees treated more favorably and therefore she fails to suggest that her reassignment constituted discriminatory treatment.

For this reason, as well, Plaintiff's claim fails as a matter of law.

IV.

Even if McNeil could establish a prima facie case, she cannot prove that the legitimate nondiscriminatory business reason for Defendant's action was a pretext for discrimination. In *Nichols v. Harford County Board of Education*, 189 F. Supp. 2d 325, 340-41 (D. Md. 2002), I described the long-settled manner in which a case proceeds once a prima facie case has been established:

> Once the plaintiff establishes a prima facie case, a presumption of discrimination arises and the burden of production is placed on the employer to articulate a legitimate

nondiscriminatory reason for the adverse employment decision. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993) (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981)). Because the employer's burden is one of production and not of persuasion, it "is not required to prove absence of a discriminatory motive, but merely articulate some legitimate reason for its action." *E.E.O.C v. Clay Printing Co.*, 955 F.2d 936, 941 (4th Cir. 1992) (internal quotation marks omitted) (quoting *E.E.O.C. v. Western Electric Co., Inc.*, 713 F.2d 1011, 1014 (4th Cir. 1983)). If the employer meets this burden, the presumption of discrimination is eliminated, and the plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the employer's nondiscriminatory reasons are pretextual and that the adverse employment action was actually taken because of the employee's race or sex. *Hicks*, 509 U.S. at 511.

*Id*. at 340-41.

Here, Defendant has plainly and consistently stated that the reason for its action was that there was a downturn in the business of Plaintiff's former unit, making her reassignment necessary for economic reasons.  McNeil must prove that the reason offered is pretextual.  She has not done so, having offered no evidence to suggest that Defendant's decision to reassign her was based on her race, sex, or age.  The record shows that Northrop Grumman has not wavered from its explanation for Plaintiff's transfer: that it was based on the demands of the business. In the fall of 2004, there was a reduction in the workload and revenue of the defendant. In order to prevent layoffs and financial losses, Cell Manager Robin Gillman, decided to laterally reassign workers in McNeil's classification. Gillman, after consulting with cell supervisors, decided to reassign Plaintiff to the Test Equipment Operations Center, which had a workload that could support more employees.

McNeil's only proffer of evidence to contradict this account is her own opinion that her transfer was discriminatory (rather than based on business needs) because the company did

not reassign on the basis of seniority, but instead transferred her in the hope that she would

retire. Plaintiff's subjective opinion, however, has no probative value with regard to alleged

employment discrimination. *Williams v. Ceberonics, Inc.*, 87 F.2d 452, 456 (4th Cir. 1989)(an

opinion alone is "insufficient to counter substantial evidence of legitimate nondiscriminatory

reason for an adverse employment action."). McNeil's sole "evidence" in this regard is her

own affidavit, which in turn is based on her opinions and beliefs. This is hardly sufficient. *See*

*Melinda v. Baltimore Gas and Electric Co.*, 18 F. Supp. 2d 596, 604 n. 4 (D. Md. 1998).  In

short, McNeil, having presented no probative evidence calling into question Defendant's good

faith in effecting her reassignment, has not generated a genuine issue of material fact.  For this

reason as well, her claims fail as a matter of law.

V.

For the reasons above stated, the motion for summary judgment shall be granted. An

Order follows.


Filed: October 11, 2006                           _____/s/_____
                                                   ANDRE M. DAVIS
                                                   UNITED STATES DISTRICT JUDGE